UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CARMEN M. TAMAYO,     Case No. 20-15625-RAM

    Debtor.
_____/     Chapter 7
SBC-Ops, LLC, Chapter 7 Creditor,

    Plaintiff,
v.     Adv. Pro. No. _____

CARMEN M. TAMAYO,

    Defendant.
_____/

## COMPLAINT

Plaintiff, SBC-Ops, LLC, (hereinafter referred to as "Creditor/Buyer"), by and through undersigned counsel, brings this action against the Defendant Debtor, CARMEN M. TAMAYO (hereinafter referred to as "Debtor/Seller"), seeking to object to the Debtor/Seller's dischargeability of debt under 11 U.S.C. §523(a)(2)(B), (a)(4), and (a)(6), and as grounds therefore, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.    This is an adversary proceeding seeking to object to the dischargeability of the Debtor/Seller's indebtedness to the Creditor/Buyer pursuant to the provisions of 11 U.S.C. §523(a)(2)(B), (a)(4), and (a)(6).

2.    This court has jurisdiction in this proceeding pursuant to 28 U.S.C. §1334 and §157 and 11 U.S.C. §523.

3.    This constitutes a core proceeding.

4.    This adversary proceeding is one arising in the Debtor/Seller's Case 20-15625-RAM under Chapter 7 of Title 11 now pending in this Court.

5. Creditor/Buyer, SBC-Ops, LLC, is one of several creditors in this case.

6. The Debtor/Seller, Carmen M. Tamayo, is the Debtor in this Chapter 7 case. Debtor/Seller filed her voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on or about May 22, 2020 [D.E. 1] (the "Petition Date").

7. All conditions precedent to the filing of this action has occurred.

## GENERAL ALLEGATIONS AS TO 11 U.S.C §523

8. Prior to filing for bankruptcy, the Debtor/Seller was the sole owner of Worldwide Consolidated Distribution. Inc. ("Worldwide") ("Debtor/Seller's Company").

9. Worldwide was a trucking logistics business.

10. Creditor/Buyer, doing business as Primo Cash, purchases future receivables at a discounted rate from small businesses in exchange for immediate funds.

11. At no time did Creditor/Buyer give Debtor/Seller's company a loan.

12. All of Creditor/Buyer and Debtor/Seller's dealings constitute a sales transaction.

13. In January of 2020, Debtor/Seller solicited Creditor/Buyer to purchase the future receivables of Worldwide.

14. The Debtor/Seller purported to Creditor/Buyer that Worldwide was in good financial standing by providing bank statements from the company's Chase Bank account ending in 1508[1] from October 2020 to January 2020 showing $181,400.02 in deposits over the course of four months.

15. The Debtor/Seller confirmed to Creditor/Buyer that Debtor/Seller was "100%" owner of Worldwide.

16. The Debtor/Seller represented to the Creditor/Buyer that Worldwide had a physical location but in fact the Company did not.

17. Based on the Debtor/Seller's assertions and supporting documents, the

---

[1] The bank statements were titled under the Debtor's company "Worldwide Printing & Designs, Inc."

Creditor/Buyer purchased $25,000.00 ("Purchase Amount") of Four Towers and RT Xpress's future receivables for $35,500.00 ("Purchase Price").

18. Debtor/Seller, on behalf of Worldwide signed a Future Receivables Purchase and Sale Agreement ("Agreement") on January 21, 2020, agreeing to the Purchase Amount and Purchase Price.

19. As part of the sale transaction, Debtor/Seller signed a Personal Guarantee, personally guaranteeing the purchase on behalf of Worldwide (the "Obligation") as stipulated in the Agreement.

20. The future receivables purchased by Creditor/Buyer were specifically the future receivables received by Debtor/Seller after the execution of the Agreement totaling the Purchase Amount.

21. Pursuant to the Agreement, Creditor/Buyer owned Debtor/Seller's future receivables totaling the Purchase Amount.

22. Debtor/Seller retained possession of the future receivables but was obligated, pursuant to the Agreement, to provide Creditor/Buyer its purchased future receivables in daily amounts of $322.73.

23. The daily amounts constituted the future receivables purchased by Creditor/Buyer from Debtor/Seller.

24. In accordance with the Agreement, Creditor/Buyer was to obtain its purchased future receivables by deducting through ACH[2] the daily amounts from Debtor/Seller's Chase bank account ending in "1508."

25. In accordance with the Agreement, Debtor/Seller authorized Creditor/Buyer to receive the purchased future receivables by way of daily payments from Debtor/Seller's bank

---

[2] "ACH" stands for Automated Clearing House Network which moves money and information from one bank account to another through Direct Deposit and Direct Payment via ACH transactions, including ACH credit and debit transactions; recurring and one-time payments; government, consumer and business-to-business transactions; international payments; and payments plus payment-related information.

account.

26. After execution of the Agreement, and deductions agreed to by the Debtor/Seller, the balance of the Purchase Price, or $23,701.00, was wired into Worldwide's Chase Bank account ending in "1508" on January 27, 2020.

27. Debtor/Seller had complete and sole control of Worldwide's bank account ending in "0582."

28. Worldwide breached the Agreement on or about March 4, 2020 when Debtor/Seller intentionally stopped payment of the company's future receivables into their Chase Bank account ending in "1508" therefore preventing the Creditor/Buyer from receiving the purchased receivables.

29. Creditor/Buyer made demand to Debtor/Seller, as Guarantor, but the purchased receivables were not delivered to Creditor/Buyer.

30. Debtor/Seller's actions toward Creditor/Buyer were intentionally designed and calculated to defraud and harm Creditor/Buyer.

31. Creditor/Buyer was harmed by the intentional actions of Debtor/Seller and calculates its loss to be in excess of $30,000.00 but reserves its right to adjust that amount as appropriate.

32. Creditor/Buyer has retained the firm of PraDa Law and is obligated to pay a reasonable fee for its services.

## COUNT I

Exception to Discharge under §523(a)(2)(B)

33. This is an action seeking an exception to discharge pursuant to 11 U.S.C. §523(a)(2)(B) and incorporates by reference all the allegations in paragraphs 1 through 34 in this count.

34. The bank statements provided to Creditor/Buyer by Debtor/Seller constitute a

writing used by Debtor/Seller to obtain money, property or services from Creditor/Buyer.

      35. The bank statements constitute statements in writing that are materially false with respect to Debtor/Seller's financial condition.

      36. Debtor/Seller intentionally misrepresented to Creditor/Buyer that based on the bank statements provided to Creditor/Buyer, Debtor/Seller's company, Worldwide, was in great financial status.

      37. Debtor/Seller provided the bank statements to Creditor/Buyer with the intent to deceive Creditor/Buyer.

      38. Creditor/Buyer reasonably relied on the bank statements provided by Debtor/Seller.

      39. Creditor/Buyer suffered damages as a result of Debtor/Seller's intentional actions.

WHEREFORE, the Creditor/Buyer respectfully requests the Court to enter a judgment in its favor and against Debtor/Seller as follows:

      a. determining the Obligation to be non-dischargeable under 11 U.S.C. §523(a)(2)(B);

      b. for the full amount of the Obligation, including interest, attorney's fees and costs; and

      c. for such other, further or different relief as this Court finds just and equitable.

## COUNT II

Exception to Discharge under §523(a)(4)

      40. This is an action seeking an exception to discharge pursuant to 11 U.S.C. §523(a)(4) and incorporates by reference all the allegations in paragraphs 1 through 34 in this count.

      41. The Debtor/Seller has committed larceny against the Creditor/Buyer.

      42. First, Debtor/Seller intentionally blocked Creditor/Buyer's ability to receive its purchased future receivables from Debtor/Seller's Chase Bank account ending in "1508" by

intentionally requesting a "Stop Payment" to Chase Bank, therefore, preventing the Creditor/Buyer from receiving its purchased receivables.

43. Debtor/Seller did not have Creditor/Buyer's consent to stop payment or to block/prevent/stop Creditor/Buyer's ACH daily payments from Debtor/Seller's Chase Bank account ending in "1508."

\WHEREFORE, the Creditor/Buyer respectfully requests the Court to enter a judgment in its favor and against Debtor/Seller as follows:

    a. determining the Obligation to be non-dischargeable under 11 U.S.C. §523(a)(4) for larceny;

    b. for the full amount of the Obligation, including interest, attorney's fees and costs; and

    c. for such other, further or different relief as this Court finds just and equitable

## COUNT III

Exception to Discharge under §523(a)(6)

44. This is an action seeking an exception to discharge pursuant to 11 U.S.C. §523(a)(6) and incorporates by reference all the allegations in paragraphs 1 through 34 in this count.

45. Debtor/Seller willfully and maliciously injured Creditor/Buyer.

46. Debtor/Seller intentionally, willfully and with a maliciously stopped payments of Debtor/Seller's Chase Bank account ending in "1508."

47. After Creditor/Buyer gave Debtor/Seller the Purchase Price via wire, Debtor/Seller stopped payment on its receivables and Creditor/Buyer was prevented from collecting the full Purchase Amount.

48. Debtor/Seller intentionally and maliciously stopped payment so as to prevent Creditor/Buyer from collecting the Purchase Amount.

49. Debtor/Seller knew that Debtor/Seller's willful and malicious act would cause injury that consisted of financial harm to the Creditor/Buyer.

50. Creditor/Buyer's injury was both willful and malicious.

51. Debtor/Seller committed an act against Creditor/Buyer that is wrongful and without just cause.

52. The actions of Debtor/Seller described above constitute willful injury by Debtor/Seller to Creditor/Buyer.

WHEREFORE, the Creditor/Buyer respectfully requests the Court to enter a judgment in its favor and against Debtor/Seller as follows:

    a. determining the Obligation to be non-dischargeable under 11 U.S.C. §523(a)(6) for willful and malicious injury;

    b. for the full amount of the Obligation, including interest, attorney's fees and costs; and

    c. for such other, further or different relief as this Court finds just and equitable.

Dated: August 29, 2020

Respectfully submitted,

PraDa Law
Attorney for the Creditor/Buyer, SBC-Ops, LLC
1450 NW 87th Ave, Suite 210
Doral, FL 33172
JCPratt@PraDa.Law
Telephone:    (305) 203-1059
Facsimile:    (786) 513-4627

By: */s/ Jennifer C. Pratt*
    Jennifer C. Pratt, Esq.
    Florida Bar No. 84578