UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
FLORIDA
MIAMI DIVISION

In re:

CARMEN M. TAMAYO,                                           Case No. 20-15625-RAM

    Debtor.
_____/                             Chapter 7
SBC-Ops, LLC, Chapter 7 Creditor,

    Plaintiff,
v.                                                          Adv. Pro. No. 20-01344-RAM

CARMEN M. TAMAYO,

    Defendant.
_____/

## NOTICE OF FILING

COMES NOW, PLAINTIFF/CREDITOR, **SBC-Ops, LLC**, and files the parties' *Settlement and Release Agreement* dated September 1, 2020 attached hereto as Exhibit "A."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via ECF to the Office of the US Trustee, Drew M. Dillworth, Trustee, Timothy S. Kingade, Esq., attorney for the Debtor, and mailed to Carmen M. Tamayo, debtor, 1640 E 8 Avenue, Hialeah, Florida 33010 on September 1, 2020.

                                            PraDa Law
                                            Attorney for Creditor, SBC-Ops, LLC
                                            1450 NW 87 Avenue, Suite 210
                                            Doral, Florida 33172
                                            Tel: (305) 203-1059
                                            Email: jcpratt@PraDa.law

                                            ***/s/ Jennifer C. Pratt, Esq.***
                                            Florida Bar No.: 84578

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Settlement Agreement") is entered into between SBC-OPS, LLC, hereinafter "Plaintiff" or "SBC", and CARMEN M. TAMAYO, hereinafter "TAMAYO" or "Defendant", collectively, the "Parties."

WHEREAS, on or about May 22, 2020 TAMAYO filed a Chapter 7 bankruptcy case (#20-15625-RAM) in the Southern District of Florida (Miami Division).

WHEREAS, on or about August 29, 2020, Plaintiff filed an adversary action (#20-01344-RAM) against the Defendant.

WHEREAS, the Parties have, between themselves, negotiated a complete resolution of any and all disputes, claims or potential claims arising between them and intend, by the terms of this Settlement Agreement, to memorialize the resolution of all disputes, claims or potential claims between the Parties arising during their relationship. Each Party denies any liability of any kind to any other party for any purpose, and denies that any defense raised by any adverse party has merit, and this Settlement Agreement is made solely and entirely as a compromise and for the purpose of fully and finally resolving the disputed matters referred to herein.

NOW, THEREFORE, in consideration of the recitals stated above, which all Parties agree are accurate and complete, the agreements, promises and warranties set forth below and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. The above recitals are hereby made a part of this Settlement Agreement.

2. Creditor, SBC-OPS, LLC, and its respective debt shall be excluded from discharge in Debtor's bankruptcy petition and case filed on May 22, 2020 in Miami-Dade County, Florida in the Southern District of Florida (Miami Division), case number 20-15625-RAM, *In re: CARMEN M. TAMAYO*.

2.1 In settlement of the adversary case (#20-01344-RAM), TAMAYO agrees to pay Plaintiff the total amount of thirty thousand dollars ($30,000.00) ("settled amount") as full and complete settlement of the claims raised by Plaintiff against the Defendant. Payment of the $30,000.00 shall be made as follows: Beginning September 15, 2020 a monthly payment of two hundred and fifty dollars ($250.00) shall be made consecutively for ten (10) months through June 15, 2021. Thereafter, beginning on July 15, 2021, the Debtor agrees to a monthly payment of five hundred fifty-five dollars ($550.00) for ten (10) months through August 15, 2025. Payment shall be received no later than the 15th of each month.

2.2 The payments shall be made payable to "PraDa Law IOLTA Trust Account" in U.S. Certified Funds or cashier's check only and delivered to Plaintiff's counsel Jennifer C. Pratt, Esq., PraDa Law, 1450 NW 87th Ave., Suite 210, Doral, FL 33172. There is no penalty for paying the settled amount in full prior to the maturity date of August 15, 2025.

2.3 Simultaneously, with the execution of this Settlement Agreement, Defendant shall execute the Agreed Final Judgment of Non-Dischargeability hereto attached as Exhibit "A" allowing the entry of final judgment by the Court in the event of a default by the Defendant.

1

**2.4 Event of Default.** In the event of a default (no payment received by the 15th of the month) under this Settlement Agreement, counsel for SBC shall provide written notice of the default via email to the Debtor and her attorney at (Debtor's email: ctamayo39@aol.com) and kgp@miamibankruptcy.com, respectively. The Debtor shall have five (5) days to cure the default from the date of the notice of default, or until the 20th of the month, whichever is first. Debtor's failure to cure by or on the 20th day of the month shall result in a material breach of this Settlement Agreement. In the event the default is not cured, SBC shall be entitled to pursue all amounts owed pursuant to state law outside of the Bankruptcy Court, including the filing of any legal actions necessary for same, without any objection from the Debtor.

**2.5** TAMAYO shall bear her attorney's fees and costs incurred in this litigation.

**3.** No provision(s) of this Settlement Agreement shall be construed or deemed to be evidence of an admission by any party of any fact, matter, thing or liability of any kind. Each and every party denies any liability of any kind to any other party for any purpose, and denies that any defense raised by any adverse party has merit, and this Settlement Agreement is made solely and entirely as a compromise and for the purpose of fully and finally resolving the disputed matters between the Parties referred to herein. Neither the Settlement Agreement nor any term(s) thereof shall be offered or received as evidence in any proceeding in any forum as an admission of any liability or wrongdoing on the part of any party hereto.

**4.** The Parties agree to keep confidential and not disclose the terms of this Settlement Agreement to any third parties with the exception of their attorneys, accountants, spouses, and any federal or state taxing authority or agency or as otherwise required by law.

**5.** TAMAYO hereby represents and warrants to SBC that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity any claims, debts, liabilities, demands, obligations, damages, losses, costs, expenses, attorneys' fees, actions or causes of action released herein. TAMAYO agrees to indemnify, hold harmless and defend (including the payment of actual attorneys' fees, costs and expenses) the other of and from any claims, debts, liabilities, demands, obligations, damages, losses, costs, expenses, attorneys' fees, actions or causes of action that are in any way based on or arise out of any such assignment or transfer.

**6.** If applicable, the Parties acknowledge that the Court shall retain jurisdiction for enforcement of this Settlement Agreement.

**7.** Each of the Parties represents and warrants that it has been represented by separate legal counsel of its own choice throughout all of the negotiations that preceded the execution of this Settlement Agreement and in connection with the preparation and execution of this Settlement Agreement; that it has carefully and thoroughly reviewed this Settlement Agreement in its entirety with that counsel; that its counsel has approved it as to form; and that it understands the terms used herein. Moreover, TAMAYO agrees that she is entering into this Settlement Agreement voluntarily, without any duress or coercion.

**8.** Each party has had the opportunity to investigate this matter, determine the advisability of entering into this Settlement Agreement and has entered into this Settlement Agreement freely and voluntarily. Each of the Parties acknowledges that in executing this Settlement Agreement they rely solely on their own judgment, belief and knowledge and on such advice as they may have received from their own counsel

2

and that they have not been influenced by any representation or statements made by the other party or its counsel. No provision in this Settlement Agreement is to be interpreted for or against any of the Parties because that Party or its counsel drafted such provision.

9. This Settlement Agreement embodies the entire understanding and agreement of the Parties concerning the resolution of all disputes, claims or potential claims between them that arose during their working relationship and as such, it fully supersedes any other oral or written understandings, agreements, representations and warranties between them relating thereto.

10. The terms and conditions contained in this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors, assigns, heirs, survivors and personal representatives of each of the Parties.

11. The Parties, and each of them, agree to, upon reasonable notice, execute such other documents and take such other immediate action as may reasonably be necessary to accomplish the purpose of this Settlement Agreement.

12. In the event that any condition, covenant or other provision of this Settlement Agreement is held to be invalid or void by any court of competent jurisdiction, it shall be deemed severable from the remainder of this Settlement Agreement and shall in no way affect any other condition, covenant or other provision of this Settlement Agreement. If such condition, covenant or other provision is held to be invalid due to its scope or breadth, it is agreed that it shall be deemed to remain valid to the extent permitted by law.

13. No breach of any provision of this Settlement Agreement shall be deemed waived unless it is waived in writing. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of this Settlement Agreement.

14. This Settlement Agreement can only be amended or modified by a written agreement duly executed by all of the Parties.

15. Each individual signing this document represents and warrants to each Party hereto that he is duly authorized to execute this Settlement Agreement.

16. This Settlement Agreement shall be governed by and construed and enforced under the laws of the State of Florida.

17. In the event either party commences any action in a court of law to enforce this Settlement Agreement or obtain damages for the breach of this Settlement Agreement, the prevailing Party shall be entitled to an award of its reasonable attorneys' fees and costs incurred in such action.

18. This Settlement Agreement may be executed in counterparts, and each counterpart shall be considered an original.

19. This Settlement Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of, relates to, or has anything to do with the rights and claims waived, released and discharged by this Settlement Agreement.

20. TAMAYO hereby executes a general release. Therefore, in consideration of the covenants contained herein, the receipt and sufficiency of such consideration is acknowledged by TAMAYO ("the releasing Party") remises, releases, acquits, satisfies, and forever discharges SBC ("the released Party") and its heirs, personal representatives, successors, assigns, employees, agents, parents, subsidiaries, affiliates and attorneys of and from all actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, attorneys' fees, expenses, contracts, controversies, agreements, promises, variances, damages, judgments, executions, claims and demands, in law or in equity, anywhere in the world, which the releasing Party ever had, now has, or may have, whether asserted or not, and whether known or unknown, suspected or unsuspected, or anticipated or unanticipated, or which any personal representative, successor, assign, heir, parent, subsidiary, or affiliate of the releasing Party, subsequently can, shall or may have against the released Party or its heirs, personal representatives, successors, assigns, employees, agents, parents, subsidiaries, affiliates or attorneys, for, on or by reason of any matter, cause or thing, from the beginning of the world to the date of this release.

21. The parties stipulate that a facsimile and/or electronic version of this agreement shall have the full force and effect as an original.

22. The parties agree that time is of the essence with the obligations contained in this Settlement Agreement.

23. TAMAYO agrees to sign any other document(s) necessary or requested by the Court in connection with this Settlement Agreement and the Agreed Final Judgment of Non-Dischargeability.

**IN WITNESS WHEREOF**, the undersigned have themselves or by their duly authorized officers or agent set their hands on stated below:

**Plaintiff:**

By: _[signature]_ / Date: 8/31/2020
Jennifer C. Pratt, Esq. as attorney-in-fact of SBC-OPS, LLC

**Defendant:**

By: _[signature]_ Date: 9/1/2020
Carmen M. Tamayo

By: _[signature]_ Date: 09/01/2020
Kristina Gonzalez, Esq. as attorney for Defendant Carmen M. Tamayo

4

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CARMEN M. TAMAYO,

Case No. 20-15625-RAM

Debtor.
_____/ Chapter 7

SBC-Ops, LLC, Chapter 7 Creditor,

Plaintiff,
v.                                               Adv. Pro. No. 20-01344-RAM

CARMEN M. TAMAYO,

Defendant.
_____/

## AGREED FINAL JUDGMENT OF NON-DISCHARGEABILITY

This **AGREED FINAL JUDGMENT OF NON-DISCHARGEABILITY** (the "**Judgment**") is based upon agreements of the parties, effective as of entry hereof, by and between Debtor, Carmen M. Tamayo ("**TAMAYO**" or "**Debtor**") and SBC-Ops (the "**Creditor**" or "**SBC**", and collectively with the Debtor, the "**Parties**").

On May 22, 2020, the DEBTOR filed a Chapter 7 bankruptcy case (Case no. 20-15625-RAM) in the Southern District of Florida (Miami Division).

WHEREAS, on or about August 29, 2020, Creditor filed an adversary proceeding under 11 U.S.C. §523(a)(2)(B), (a)(4), and (a)(6), (Case no. 20-01344-RAM) against the DEBTOR.

Rather than proceed with litigation concerning the Adversary Proceeding, the Parties engaged in good faith, arms' length negotiations to resolve the foregoing in its entirety.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, ORDERED AND ADJUDGED THAT JUDGMENT** be entered as follows:

6

1. TAMAYO consents to the jurisdiction of this Court to enter a final judgment of non-dischargeability against him in this proceeding with respect to the Complaint ("Complaint") filed in the Adversary case number 20-01344-RAM and the Claims in the Complaint, to the extent that same seeks the non-dischargeability of the Claims.

2. An Agreed Final Judgment of Non-Dischargeability is hereby entered in favor of SBC, 1450 NW 87TH AVE., Suite 210, Doral, FL 33172, in the amount of thirty thousand dollars ($30,000.00) (the "Judgment Debt") which shall bear interest from the date of the judgment at the statutory rate per annum, for which sum let execution issue forthwith.

3. The Judgment Debt is hereby adjudicated to be non-dischargeable pursuant to Bankruptcy Code, 11 U.S.C. §523(a)(2)(B), (a)(4), and (a)(6), and based upon the facts alleged in the Complaint.

4. The Bankruptcy Court shall have exclusive jurisdiction over any action to enforce this Judgment, or any provision thereof.

5. Creditor and Debtor have entered into a Settlement Agreement and Release which indicates re-payment terms by the Debtor to the Creditor of the Judgment Debt. Creditor agrees to withhold execution of the Agreed Final Judgment of Non-Dischargability so long as the Debtor complies under the Settlement Agreement and Release.

6. The undersigned represent that the respective parties have obtained the advice of counsel and are consenting and agreeing to all of the terms of this Judgment freely and voluntarily.

7. The Clerk of Court shall enter this Judgment promptly on the docket of the Court.

**AGREED AND CONSENTED TO:**

_____
Carmen M. Tamayo, Defendant Debtor

7

**AGREED AND CONSENTED TO FORM
AND SUBSTANCE:**

/s/ *Kristina Gonzalez*
KRISTINA GONZALEZ, ESQ.
Kingcade, Garcia, & McMaken, P.A
1370 Coral Way
Miami, Florida 33145
KGP@miamibankruptcy.com

/s/ *Jennifer C. Pratt*
JENNIFER C. PRATT, ESQ.
PraDa Law
1450 NW 87th Ave., Suite 210
Doral, FL 33172
jcpratt@prada.law

8